UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CIVIL ACTION NO. 5:03CV-217-M**

**DIRECTV, INC.**                                                                         **PLAINTIFF**

**VS.**

**THAD PEYTON**                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion by Plaintiff, DIRECTV, Inc., for default judgment against Defendant, Thad Peyton, for Defendant's alleged violation of 47 U.S.C. § 605(a), 18 U.S.C. § 2511, and 18 U.S.C. § 2512 [DN 13].

Plaintiff, DIRECTV, filed this action on September 12, 2003, against Thad Peyton alleging that he pirated or attempted to pirate DIRECTV's encrypted satellite television transmissions using what is referred to in the industry as a "pirate access device." Defendant Peyton is alleged to have purchased a total of one (1) Pirate Access Device as more particularly described in the complaint. Defendant Peyton filed no answer or other pleading in this action. On April 14, 2004, the Court conducted a scheduling conference/motion hearing in Paducah, Kentucky. Defendant Peyton appeared at the motion hearing and subsequently met with Plaintiff's counsel. Plaintiff's counsel represented that Defendant Peyton verbally consented to a settlement agreement on or about April 20, 2004. As a result, the Court entered an order dismissing the case as settled.

On August 27, 2004, Plaintiff filed a motion to reopen the case because Defendant

Peyton failed to execute and perform under the settlement agreement. The Court granted the motion and referred the matter to the Magistrate Judge E. Robert Goebel. By order dated March 3, 2005, Magistrate Judge Goebel scheduled a settlement conference for March 18, 2005. Defendant Peyton failed to appear for the settlement conference. DIRECTV filed this motion for default judgment against Defendant Peyton on March 28, 2005. DIRECTV filed a certificate of service indicating that the motion for default was mailed to Defendant Peyton on March 25, 2005, at his last known address. Defendant Peyton failed to respond.

The Court finds Defendant, Thad Peyton, to be in default and entry of a default judgment by the Court is appropriate pursuant to Fed. R. Civ. P. 55(b)(2). DIRECTV has elected to receive statutory damages instead of actual damages; therefore, no hearing is necessary to determine an appropriate award of damages.

The statutory damages available to DIRECTV for each violation of 47 U.S.C. § 605(a) is "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i). Pursuant to 47 U.S.C. § 605(e)(3)(C), the Defendant is subject to statutory damages of a minimum of $1,000.00 and a maximum of $10,000.00. The Court determines that an award of statutory damages in Plaintiff's favor against Defendant, Thad Peyton, in the amount of $7,500.00 is just and appropriate for the § 605(a) violation.

The statutory damages available to DIRECTV for violations of 18 U.S.C. § 2511 and § 2512[1] is "the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. §

---

[1] Because the award of damages for a violation of 18 U.S.C. § 2511 and/or 18 U.S.C. § 2512 is governed by the same statute, 18 U.S.C. § 2520, it is not necessary for the Court to

2520(c)(2). Under § 2520(c)(2), the Court has "broad[] discretion, to award damages as authorized by the statute, or to award no damages at all." Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996); Doris v. Absher, 179 F.3d 420, 429-430 (6th Cir. 1999). In the present case, Plaintiff's motion for default judgment does not include facts regarding the extent to which the Defendant unlawfully intercepted the signals or if the Defendant profited from the pirate access devices. Furthermore, since the Court is awarding damages for the 47 U.S.C. § 605(a) violation, the Court determines that an award of damages under § 2520 would serve no legitimate purpose. See Doris, 179 F.3d at 430; DIRECTV V. Guzzi, 308 F. Supp.2d 788 (E.D. Mich. 2004). Accordingly, the Court exercises its discretion to award no damages under 18 U.S.C. § 2520(c)(2).

The Court further determines that Plaintiff shall recover from Defendant, Thad Peyton, its costs incurred herein, including attorney's fees in the amount of $850.00. 47 U.S.C. § 605(e)(3)(B); 18 U.S.C. § 2520(b)(3).

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1.    Defendant, Thad Peyton, is in default pursuant to Fed. R. Civ. P. 55.

2.    The motion by Plaintiff, DIRECTV, for default judgment against Defendant, Thad Peyton, [DN 13] is **granted**.

3.    The Court awards Plaintiff statutory damages against Defendant, Thad Peyton, in the amount of $7,500.00 and its costs incurred herein, including attorney's fees in the

---

decide whether a private cause of action pursuant to 18 U.S.C. § 2512 exists.

amount of $850.00.  A separate judgment shall enter concurrently herewith.

cc: counsel of record
Thad Peyton